IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| STEVEN LICHFIELD,<br><br>Petitioner,<br><br><br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br><br><br><br>Civil Case No. 1:11-CV-155 TS<br><br>Criminal Case No. 1:09-CR-97 TS |

This matter is before the Court on Petitioner's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255.  For the reasons discussed below, the Court will deny the Motion.

## I.  BACKGROUND

Petitioner Steven Lichfield was named in a one-count Indictment on November 24, 2009, charging him with production of child pornography in violation of 18 U.S.C. § 2251(a). Petitioner pleaded guilty on June 14, 2010.  On October 18, 2010, the Court sentenced Petitioner to the minimum mandatory sentence of 15 years.  Judgment was entered on October 19, 2010. An amended judgment, adding restitution, was entered on January 21, 2011.  Petitioner did not pursue direct appeal.

Petitioner filed his original § 2255 Motion on October 21, 2011.  In his original Motion, Petitioner sought to correct his sentence, arguing that there was a disparity between his sentence and another individual who was sentenced by this Court.  Petitioner also argued that his counsel was ineffective for: (1) failing to seek an agreement with the government for a departure under Sentencing Guideline § 5K1.1; (2) representing to Petitioner that the Court had the ability to impose a sentence below the minimum mandatory sentence; and (3) failing to assert all positive issues relating to Petitioner and his case.

The government responded to Petitioner's Motion on December 23, 2011, arguing that all of Petitioner's claims were either procedurally barred or failed on the merits.

Petitioner filed an amended Motion on January 3, 2012.  Petitioner's amended Motion argued that: (1) Petitioner is entitled to a downward departure based on substantial assistance; (2) the failure to grant Petitioner a 5K1.1 departure violated his constitutional rights; (3) Petitioner was selectively prosecuted; and (4) counsel was ineffective for failing to assert state jurisdiction over federal jurisdiction.

Petitioner later withdrew his amended Motion through the filing of his reply brief, filed on March 22, 2012.[1]  Petitioner's reply brief contained some of the same claims that had been raised previously, such as Petitioner's contention that: (1) he is entitled to a departure under Sentencing Guideline § 5K1.1; (2) the government was not justified in refusing to grant Petitioner a 5K1.1 departure; (3) the failure to grant Petitioner a 5K1.1 departure violated his

---

[1]Docket No. 8, at 1 ("This Response now acts to supercede Mr. Lichfield's Amendment filed on or about December 29, 2011.").  Even though Petitioner has withdrawn his amendment, the Court will consider the claims raised therein.

constitutional rights; and (4) there was a disparity in sentencing.  In addition to these claims,

Petitioner brought a number of ineffective assistance claims, some of which had been raised

previously and some that had not.  Among those that were in his original § 2255 Motion are

Petitioner's claims that counsel was ineffective for: (1) informing Petitioner that the Court could

sentence Petitioner below the minimum mandatory sentence; and (2) failing to obtain an

agreement from the government concerning a 5K1.1 departure.  Those issues raised for the first

time in Petitioner's reply brief are Petitioner's claims that counsel was ineffective for: (1) not

properly explaining the plea agreement to Petitioner; (2) refusing to seek to withdraw Petitioner's

plea; (3) failing to appeal Petitioner's sentence; and (4) operating under a conflict of interest.

## II.  DISCUSSION

A.    TIME BAR

The first issue the Court must decide is which of Petitioner's claims have been timely

presented to the Court.  In general, a prisoner may not file a § 2255 motion more than one year

after his conviction becomes final.[2]  Section 2255(f) states:

> A 1-year period of limitation shall apply to a motion under this section.  The
> limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by
> governmental action in violation of the Constitution or laws of the United States
> is removed, if the movant was prevented from making a motion by such
> governmental action;

---

[2]*See United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997).

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As set forth above, the Court entered judgment on October 19, 2010, and an amended judgment, adding restitution, was entered on January 21, 2011. Thus, at the latest, Petitioner's conviction became final under § 2255(f)(1) when the time to file an appeal of the Amended Judgment lapsed. Therefore, the Court will consider Petitioner's original Motion and his amended Motion to be timely. Petitioner's reply brief, however, was not filed until March 22, 2012, after the one-year limitations period set forth in § 2255(f)(1). There is no indication that any other provision of § 2255(f) applies. Thus, Petitioner's reply brief was not filed within the applicable limitations period.

Because Petitioner's reply brief was filed outside the limitations period, any new claims raised therein are untimely unless they relate back to his original Motion under to Fed.R.Civ.P. 15(c). The Tenth Circuit has held that an otherwise untimely amendment to a § 2255 Motion

which, by way of additional facts, clarifies or amplifies a claim or theory in the [original motion] may, in the District Court's discretion, relate back to the date of [the original motion] if and only if the [original motion] was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case.[3]

Here, Petitioner's reply seeks to advance claims that were not raised in either his original Motion or his amended Motion. Specifically, Petitioner's reply brief raises, for the first time,

---

[3]*United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000) (quoting *United States v. Thomas*, 221 F.3d 430, 431 (3d Cir. 2000)).

4

claims that counsel was ineffective for: (1) not properly explaining the plea agreement to Petitioner; (2) refusing to seek to withdraw Petitioner's plea; (3) failing to appeal Petitioner's sentence; and (4) operating under a conflict of interest.

Reviewing these claims, the Court finds that they do not relate back to the claims brought in Petitioner's original Motion or his amended Motion. It is true that Petitioner brought claims alleging ineffective assistance of counsel in his original Motion. However, Petitioner's ineffective assistance claims involved counsel: (1) failing to seek an agreement with the government for a departure under Sentencing Guideline § 5K1.1; (2) representing to Petitioner that the Court had the ability to impose a sentence below the minimum mandatory sentence; and (3) failing to assert all positive issues relating to Petitioner and his case. The four claims in Petitioner's reply brief identified in the preceding paragraph seek to add new theories of ineffective assistance of counsel that are "totally separate and distinct 'in both time and type' from those raised in his original motion."[4] As a result, the Court is without jurisdiction to consider these four claims.[5]

B.      PROCEDURAL BAR

The Court must next consider Respondent's argument that certain of Petitioner's claims are procedurally barred.

---

[4]*Id*. (quoting *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999)).

[5]*In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the appropriate court of appeals] has granted the required authorization.").

The Supreme Court has ruled that, because "a final judgment commands respect," it has "long and consistently affirmed that a collateral challenge may not do service for an appeal."[6] Generally, "§ 2255 is not available to test the legality of matters which should have been raised on appeal."[7] "When a defendant fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice if the claim is not considered."[8]

Having reviewed Petitioner's claims, the Court finds that all of them, save his ineffective assistance of counsel claims, could have been raised on appeal. Petitioner has provided nothing to demonstrate cause, prejudice, or a fundamental miscarriage of justice. Therefore, the Court finds that all of Petitioner's claims relating to any alleged sentencing disparity, his entitlement to a departure under Sentencing Guideline 5K1.1, the government's failure to provide him a 5K1.1 departure, and selective prosecution are all procedurally barred.[9]

C.    INEFFECTIVE ASSISTANCE OF COUNSEL

The Court now turns to those ineffective assistance claims remaining before the Court. Petitioner claims his counsel was ineffective for: (1) failing to seek an agreement with the

---

[6] *United States v. Frady*, 456 U.S. 152, 165 (1982).

[7] *United States v. Khan*, 835 F.2d 749, 753 (10th Cir. 1987); *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).

[8] *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996).

[9] Even if Petitioner could overcome the procedural bar, the Court would find these claims to be without merit.

government for a departure under Sentencing Guideline § 5K1.1; (2) representing to Petitioner

that the Court had the ability to impose a sentence below the minimum mandatory sentence; (3)

failing to assert all positive issues relating to Petitioner and his case; and (4) failing to assert state

jurisdiction over federal jurisdiction.

To prevail on an ineffective assistance claim, Petitioner must make two showings.[10]  First,

Petitioner must show that counsel functioned deficiently.[11]  "This requires showing that counsel

made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth

Amendment."[12]  Second, he must show that counsel's deficient functioning prejudiced

Petitioner's defense.[13]  "This requires showing that counsel's errors were so serious as to deprive

[Petitioner] of a fair [proceeding] . . . whose result is reliable."[14]  Without both of these

showings, Petitioner may not prevail in arguing that his conviction "resulted from a breakdown

in the adversary process that renders the result unreliable."[15]

A Court is to review Petitioner's ineffective assistance of counsel claim from the

perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[16]  In

---

[10]*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[11]*Id.*

[12]*Id.*

[13]*Id.*

[14]*Id.*

[15]*Id.*

[16]*Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

7

addition, in evaluating counsel's performance, the focus is "not what is prudent or appropriate, but only what is constitutionally compelled."[17]  Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[18]  Considering this standard, the Court will address each of Petitioner's remaining ineffective assistance claims in turn.

First, Petitioner argues that counsel was ineffective for failing to seek an agreement with the government for a departure under Sentencing Guideline § 5K1.1.  The brunt of Petitioner's argument appears to be that counsel was ultimately unsuccessful in procuring an agreement from the government to move for a departure under Section 5K1.1.  The Court cannot find counsel's performance to be constitutionally deficient because "the government has almost boundless discretion in deciding whether to move for such a departure."[19]

Further, the Court finds that Petitioner has failed to show prejudice.  The government has represented, and Petitioner has not disputed, that it was well aware of the information Petitioner provided to law enforcement.  Even being aware of this information, the government declined to move for a downward departure in this case.  Any further attempt by counsel to secure an agreement from the government would have been futile.  Therefore, this claim fails.

Second, Petitioner claims that counsel was ineffective for representing to Petitioner that the Court had the ability to impose a sentence below the minimum mandatory sentence.  As an

---

[17]*United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[18]*United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002) (citation omitted).

[19]*United States v. Abston*, 401 F. App'x 357, 363 (10th Cir. 2010).

initial matter, the Court notes that counsel's representation may not constitute deficient performance. After all, the Court does have the authority to impose a sentence without regard to statutorily mandated sentence in certain circumstances. Even assuming that counsel's representation constituted deficient performance in this case, the Court finds that Petitioner has not shown prejudice. Petitioner was informed, both in writing and orally, at the change of plea hearing that he faced a 15-year minimum mandatory sentence. Thus, Petitioner was well aware of the mandatory minimum sentence and counsel's statements did not prejudice him.

Third, Petitioner asserts that counsel was ineffective for failing to assert all positive issues relating to Petitioner and his case. This claim fails as well. Petitioner makes the conclusory statement that counsel failed to assert all positive issues relating to him and his case, but fails to point to any specific items that counsel failed to raise. Therefore, the Court cannot find counsel's performance to be deficient. Further, any issues that counsel would have raised would not have resulted in a different sentence as Petitioner was subject to a 15-year mandatory sentence. Therefore, Petitioner has failed to show how he was prejudiced by this alleged failure.

Finally, Petitioner states that counsel was ineffective for failing to assert state jurisdiction over federal jurisdiction. The Court cannot find that counsel's performance was deficient in this regard. Petitioner was charged with a federal offense and he admitted, during his change of plea hearing, that his conduct violated federal law. Because Petitioner was charged with a federal offense, this Court had jurisdiction.[20] As this Court's jurisdiction was proper, it would have been

---

[20]*See* 18 U.S.C. § 3231.

futile for counsel to argue otherwise.  Counsel is not ineffective for failing to raise meritless

issues.[21]  Therefore, this claim fails.

### III.  CONCLUSION

It is therefore

ORDERED that Petitioner's § 2255 Motion (Docket No. 1 in Civil Case No. 1:11-CV-

155) is DENIED.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an

evidentiary hearing is not required.

The Clerk of the Court is directed to close this case forthwith.

DATED   May 15, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[21]*See United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006).